IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

HEATHER ANTHONY-PIERRE,

    Plaintiff,

vs.

ASHTON B. CARTER, SECRETARY, DEPARTMENT OF DEFENSE,

    Defendant.

Case No. 3:16-cv-00023-SLG

## ORDER REGARDING SERVICE AND RESPONSE

Heather Anthony-Pierre, representing herself, brought an action claiming that she experienced discrimination based upon her disability in her federal employment.[1] Ms. Anthony-Pierre submitted a copy of a final Decision of the Equal Employment Opportunity Commission (EEOC) affirming the dismissal of her "formal complaint of unlawful employment discrimination in violation of Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended . . . on the grounds that the formal complaint was not timely filed."[2]

Ms. Anthony-Pierre also filed an Application to Waive the Filing Fee under 28 U.S.C. § 1915, showing that she is currently unable to pay the Court's filing fee in this case.[3] Thus, the Court reviewed the case under § 1915(e)(2)(B), and

---

[1] Docket 1.

[2] Docket 1-2 at 1 (citing 29 U.S.C. § 791 *et seq.*); *see also Lane v. Pena*, 518 U.S. 187, 193 (1996) "[T]he Rehabilitation Act . . . prohibits discrimination on the basis of disability in employment decisions by the Federal Government." (citing 29 U.S.C. § 791).

[3] Docket 2.

required Ms. Anthony-Pierre to show that her formal complaint with the EEOC was timely filed, or that she has grounds for equitable tolling.[4]

In her Response, Ms. Anthony-Pierre asserts that she relied upon her employer's assurances that she could make a late administrative filing, and both she and her mother assert that Ms. Anthony-Pierre was unable to timely proceed with her case because she suffered from serious physical and mental limitations.[5]

In 2015, the Supreme Court explained, in *United States v. Wong*, that "mundane statute-of-limitations language, saying only what every time bar, by definition, must: that after a certain time a claim is barred . . . 'does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts.'"[6] Following *Wong*, the United States District Court for the District of Columbia found that "[n]othing in the Rehabilitation Act refers to administrative time limits at all, let

---

[4] Docket 3. Ms. Anthony-Pierre, however, appears to have fully exhausted her administrative remedies. *See* Docket 1-2 at 3 ("You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision.").

[5] Docket 4.

[6] *United States v. Wong*, 135 S.Ct. 1625, 1632-33 (2015) (The Federal Tort Claims Act's "text speaks only to a claim's timeliness, not to a court's power. It states that '[a] tort claim against the United States shall be forever barred unless it is presented [to the agency] within two years . . . or unless action is begun within six months' of the agency's denial of the claim. . . . The language is mandatory—'shall' be barred—but . . . that is true of most such statutes, and we have consistently found it of no consequence." *Id.* at 1322) (citations omitted).

3:16-cv-00023-SLG, *Anthony-Pierre v. Carter*
Order Regarding Service and Response
Page 2 of 8
Case 3:16-cv-00023-SLG   Document 5   Filed 04/29/16   Page 2 of 8

alone 'in jurisdictional terms' or in any way suggesting that the jurisdiction of the district courts hinges on timely compliance."[7]

Thus, the Court will permit the case to proceed with service upon the Defendant and, if appropriate, the Defendant may raise the issue of timeliness at the administrative level as an affirmative defense.

Further, the only proper defendant in an action under the Rehabilitation Act is the head of the federal agency or department[8] – in this case, the Secretary of the Department of Defense, who was named in the EEOC complaint.[9] Secretary of Defense, Ashton B. Carter, will therefore, be substituted as the Defendant in this case.[10]

IT IS THEREFORE ORDERED:

1. The Application to Waive the Filing Fee, at Docket 2, is GRANTED.

---

[7] *Doak v. Johnson*, 798 F.3d 1096, 1104 (D.C. Cir. 2015) (The Rehabilitation Act's "time limits function[ ] like statutes of limitations, and thus are subject to equitable tolling, estoppel, and waiver. . . . [R]ecent Supreme Court precedent hold[s] that 'procedural rules, including time bars,' are jurisdictional only 'if Congress has clearly state[d] as much.'") (quoting *Wong*, 135 at 1632) (additional citations and internal quotations omitted).

[8] *See Johnson v. Horne,* 875 F.2d 1415, 1419 (9th Cir. 1989), *overruled on other grounds, Williams-Scaife v. Department of Defense Dependent Schools*, 925 F.2d 346, 348 (9th Cir. 1991); *see also Barsten v. Department of Interior*, 896 F.2d 422, 423 (9th Cir. 1990) (In his suit under the Rehabilitation Act, "Barsten should have named the Secretary of the Interior, not the Department of the Interior, as the defendant in his complaint.").

[9] Docket 1-2 at 1.

[10] *See* Fed. R. Civ. P. 15(c).

3:16-cv-00023-SLG, *Anthony-Pierre v. Carter*
Order Regarding Service and Response
Page 3 of 8
Case 3:16-cv-00023-SLG   Document 5   Filed 04/29/16   Page 3 of 8

2. Philip Tinsley, Joe Fisher and Ann Hendricks are DISMISSED as Defendants in this case.

3. Ashton B. Carter, Secretary, Department of Defense, is substituted for JBER Exchange as the sole named Defendant.[11]

4. The Plaintiff shall proceed with the steps outlined in this Order to insure that service of process is completed within 30 days of the date of this Order.[12]

5. The Clerk of Court shall send 3 summons forms to the Plaintiff. The Plaintiff must complete the forms, and return them to the Court for signature and seal.[13] If the summonses are in proper form, they will be issued for service.

6. The Plaintiff must complete one of each of the summons forms to the following:

---

[11] *See* Docket 1-2 (EEOC decision in *Anthony-Pierre v. "Ashton B. Carter, Secretary, Department of Defense (Army & Air Force Exchange Service) Agency"*).

[12] Although the Federal Civil Rules require service within 90 days of the filing of a complaint (Fed. R. Civ. P. 4(m)), that time has expired through no fault of the Plaintiff.

[13] *See* Fed. R. Civ. P. 4(b). The plaintiff must write his name and address after the words, "The answer or motion must be served on the plaintiff or the plaintiff's attorney, whose name and address are:" *See also* Fed. R. Civ. P. 4(a)(1) ("A summons must:
(A) name the court and the parties;
(B) be directed to the defendant;
(C) state the name and address of the plaintiff's attorney or--if unrepresented--of the plaintiff;
(D) state the time within which the defendant must appear and defend;
(E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint;
(F) be signed by the clerk; and
(G) bear the court's seal.").

3:16-cv-00023-SLG, *Anthony-Pierre v. Carter*
Order Regarding Service and Response
Page 4 of 8
Case 3:16-cv-00023-SLG   Document 5   Filed 04/29/16   Page 4 of 8

(a) Ashton B. Carter, Secretary of Defense, 1000 Defense Pentagon, Washington, D.C. 20301-1000;[14]

(b) United States Attorney for the District of Alaska, 222 West 7th Ave., Mail Box 9, Anchorage, Alaska 99513; and

(c) Attorney General of the United States, Main Justice Building, 10th & Constitution Ave. NW, Washington, D.C. 20530.[15]

7. The Clerk of Court shall also send 3 Form 285s to the Plaintiff. The Plaintiff must complete a Form 285 for each person to be served, and return the forms to the Court with the completed summons forms.

8. Once the Clerk Court issues the Summonses, the Clerk of Court shall forward the fully completed Form 285s, 3 copies of the Complaint, the Summonses, and 3 copies of this Order to:

> United States Marshal
> 222 West 7th Avenue, Box 28
> Anchorage, Alaska 99513

9. When the United States Marshal receives a Form 285, a copy of the Complaint, the Summons, and a copy of this Order for each person to be served, the Marshal shall serve a copy of the Complaint, Summons and this

---

[14] *See* http://www.defense.gov/Contact/DoD-Addresses.

[15] Fed. R. Civ. P. 4(i)(2) ("To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.").

3:16-cv-00023-SLG, *Anthony-Pierre v. Carter*
Order Regarding Service and Response
Page 5 of 8
Case 3:16-cv-00023-SLG   Document 5   Filed 04/29/16   Page 5 of 8

Order, as set forth above. Because the Plaintiff is indigent, all costs of this service shall be paid by the United States.

10. Defendant has 60 days after service to respond to the Complaint.[16]

11. After service of the Summons and Complaint, all future papers sent to the Court must be identified with the name of the Court, the case number, the name of the Plaintiff and name of the Defendant, and the title of the document, as illustrated on the first page of this Order.

12. The Plaintiff shall serve a copy of all further filings submitted to the Court upon counsel for the Defendant. The Plaintiff shall include, with any original paper filed with the Clerk of Court, a certificate stating the date that an exact copy of the document was mailed to the Defendant's lawyer. A Certificate of Service may be written in the following form at the end of the document:

I certify that a copy of the above <u>(name of document)</u> was sent by <u>(mail/fax/hand-delivery)</u> to the United States Attorney, 222 West 7th Ave., Mail Box 9, Room 253, Anchorage, Alaska 99513 on <u>(date)</u>.
<u>(Signature)</u>

Any paper received by a District Court Judge or Magistrate Judge which does not include a Certificate of Service indicating that the Defendant was served with a copy of that document will be disregarded by the Court.

13. No party shall have any *ex parte* communication with a District Court Judge or Magistrate Judge of this Court about the merits of this action. This means

---

[16] Fed.R.Civ.P. 12(a)(2).

3:16-cv-00023-SLG, *Anthony-Pierre v. Carter*
Order Regarding Service and Response
Page 6 of 8
Case 3:16-cv-00023-SLG   Document 5   Filed 04/29/16   Page 6 of 8

that parties cannot communicate with any judge without the presence and/or knowledge and consent of the other parties. For example, the Plaintiff may not write letters to, or call, a judge directly. Any request for action by the Court during these proceedings must be filed with the Clerk of Court as a motion.

14. A motion should contain the information identified in the caption of this Order and should be titled "Motion for (<u>relief requested</u>)." In a motion, a party should state specifically and concisely what he or she wants, so that the Court understands what the party is requesting. This Court's Local Rule 7.4 requires that every motion be filed with a proposed order that the Court can issue, if the motion is granted. The proposed order helps to clarify what the moving party is asking the Court to do.

15. The Clerk of Court is directed to send a copy of the Court's Motion form, PS15, to the Plaintiff with this Order.

16. All documents filed with the Clerk of Court must contain an original signature, and must be delivered to the Court at the following address:

U.S. District Court
222 West 7th Avenue, #4
Anchorage, Alaska 99513

3:16-cv-00023-SLG, *Anthony-Pierre v. Carter*
Order Regarding Service and Response
Page 7 of 8
Case 3:16-cv-00023-SLG   Document 5   Filed 04/29/16   Page 7 of 8

17. The Clerk of Court is directed to send the Plaintiff a copy of the District Court's handbook, "Representing Yourself in Alaska's Federal Court," with this Order.

DATED at Anchorage, Alaska this 29th day of April, 2016.

/s/ SHARON L. GLEASON
United States District Judge

3:16-cv-00023-SLG, *Anthony-Pierre v. Carter*
Order Regarding Service and Response
Page 8 of 8
Case 3:16-cv-00023-SLG   Document 5   Filed 04/29/16   Page 8 of 8