# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

HEATHER ANTHONY-PIERRE,

    Plaintiff,

  v.

JAMES N. MATTIS,[1] SECRETARY, DEPARTMENT OF DEFENSE,

    Defendant.

Case No. 3:16-cv-00023-SLG

## ORDER RE MOTION FOR SUMMARY JUDGMENT

Before the Court at Docket 34 is Defendant's Motion for Summary Judgment. Ms. Anthony-Pierre opposed at Docket 38. Defendant replied at Docket 42. Oral argument was not requested and was not necessary to the Court's decision.

## FACTUAL BACKGROUND

Heather Anthony-Pierre is a former employee of Army & Air Force Exchange Service ("AAFES"), who began working for AAFES in 1997. In the fall of 2010, she suffered an on-the-job injury to her left knee.[2] When she returned to work in January 2012, she was given a position in central checkout in order to accommodate work restrictions ordered by her doctor.[3] Ms. Anthony-Pierre states that she then "worked in a sedentary position at central checkout for a period of one and a half years without any

---

[1] The current Secretary has been substituted for Ashton B. Carter. *See* Fed. R. Civ. P. 25(d).

[2] Docket 1-1 (Anthony-Pierre Statement) at 1.

[3] *See* Docket 34-5 (Exhibit 5 – Email); Docket 1-1 at 1.

incident or injury"[4] Ms. Anthony-Pierre asserts that she was then "transferred to a new position by HR in the tobacco area which required repetitive movement, including getting up and down from a seated position to retrieve tobacco products for customers."[5] She explains:

> As a result, my right knee and leg began to swell while I was at work. My supervisors, Wanda Morissette and Ann Hendricks, were the first ones that noticed the condition of my right leg and knee (swelling). I then went to Mr. Fisher's office to show him the condition of my right leg on the way out of the office to the doctor. Mr. Fisher made a comment that he doubted my being hurt based on rumors he heard from other workers. Despite the fact that I had a valid written Doctor's not stating otherwise.
>
> No incident report was written or filed by any member of management regarding the injury to my right knee [ ] with the Workman's Comp division. When I asked Management (Mark __ and Anne Hendricks) why they did not complete an incident report, I was told because I had already had surgery on my left knee, they did not feel it was necessary. I was told they would inform Workman's Comp about my right knee, however, this was never done. I was forced to file a report with Workmen's Comp on my own because they failed to do so. . . . [T]here were other employees (under-aged) that management made accommodations for and rang up tobacco and liquor purchases – they were not forced to change positions like I was. No reasonable accommodation was made due to my injury (disability).[6]

On September 11, 2013, Ms. Anthony-Pierre saw her doctor for pain in her left knee, although she indicated to the doctor that she had instability in both knees.[7] On September 13, 2013, Ms. Anthony-Pierre was diagnosed by Kris Kile, a family nurse practitioner, with a "left knee arthoscopy partial lateral menisectomy" and was deemed disabled from work

---

[4] Docket 1-1 at 1.

[5] Docket 1-1 at 1.

[6] Docket 1-1 at 1.

[7] Docket 34-8 (Exhibit 8 – Dr. McGuire Note).

Case No. 3:16-cv-00023-SLG, *Anthony-Pierre v. Mattis*
Order re Motion for Summary Judgment
Page 2 of 11

starting on that date.[8] Her expected return date was listed as "TBD."[9]

Ms. Anthony-Pierre sought workers' compensation for the condition related to her left knee, but her claim was denied based on a medical opinion that the 2010 injury had been resolved.[10] In summer 2014, she submitted a Worker's Compensation claim based on an alleged workplace injury to her right leg that occurred on August 26, 2013.[11] This claim was denied on August 12, 2014.[12]

Ms. Anthony-Pierre did not return to work at AAFES. On December 7, 2014, AAFES notified Ms. Anthony-Pierre that she was being administratively separated from employment because she had been in leave without pay ("LWOP") status for more than one year, pursuant to governing regulations.[13] Ms. Anthony-Pierre did not dispute the LWOP separation, but she filed a grievance in which she requested to return to work under new medical restrictions.[14] On January 7, 2015, AAFES denied the grievance.[15]

**PROCEDURAL BACKGROUND**

On January 21, 2015, Ms. Anthony-Pierre made initial contact with her agency's

---

[8] Docket 34-9 (Exhibit 9 – FNP-C Kile Note).

[9] Docket 34-9.

[10] Docket 34-10 (Exhibit 10 – CCSI Email).

[11] Docket 34-11 (Exhibit 11 – Workman's Comp Claim). Ms. Anthony-Pierre's claim is dated June 30, 2014, but appears to have been received on August 5, 2014.

[12] Docket 34-12 (Exhibit 12 – Notice of Controversion of Right to Compensation).

[13] Docket 34-13 (Exhibit 13 – Separation from LWOP). *See* Docket 34-14 (Exhibit 14 – Master Agreement, Article 29) at 2; Docket 34-15 (Exhibit 15 – EOP 15-10, Chapter 4) at 126 (both providing that leave without pay will not be allowed for more than one year).

[14] Docket 34-16 (Exhibit 16 - Grievance).

[15] Docket 34-17 (Exhibit 17 – Grievance Denial).

Case No. 3:16-cv-00023-SLG, *Anthony-Pierre v. Mattis*
Order re Motion for Summary Judgment
Page 3 of 11

EEO office.[16] On January 23, 2015, Ms. Anthony-Pierre received Appendix 17, which informed her that upon receiving the Notice of Right to File a Discrimination Complaint (Appendix 12), she must filed her written formal complaint within 15 days.[17] On March 31, 2015, Ms. Anthony-Pierre received the Notice of Right to File a Discrimination Complaint (Appendix 12).[18] This document informed her of the necessity of filing a written complaint within 15 calendar days—here, by April 15, 2015—based on the date she received the Notice.[19]

On May 5, 2015, Ms. Anthony-Pierre filed her EEO complaint, which did not contain an explanation for its untimeliness.[20] On May 19, 2015, AAFES issued a Final Agency Decision, dismissing Ms. Anthony-Pierre's EEO complaint as untimely pursuant to 29 C.F.R. § 1614.106(b) and 29 C.F.R. § 1614.107(a)(2).[21] On June 22, 2015, Ms. Anthony-Pierre appealed the dismissal of her complaint to the EEOC.[22] On October 23, 2015, the EEOC affirmed the Agency's final decision, stating that Ms. Anthony-Pierre did not timely file her complaint and did not provide an adequate justification for the untimeliness to warrant extension of the deadline.[23]

---

[16] Docket 34-18 (Exhibit 18 – Counselor Report).

[17] Docket 34-19 (Exhibit 19 - Appendix 17).

[18] Docket 34-20 (Exhibit 20 – Appendix 12).

[19] Docket 34-20.

[20] Docket 34-21 (Exhibit 21 – Formal Compl.).

[21] Docket 34-23 (Exhibit 23 – Notice of Dismissal).

[22] Docket 34-24 (Exhibit 24 – Notice of Appeal).

[23] Docket 34-25 (Exhibit 25 – Appeal Decision).

Case No. 3:16-cv-00023-SLG, *Anthony-Pierre v. Mattis*
Order re Motion for Summary Judgment
Page 4 of 11

On January 21, 2016, Ms. Anthony-Pierre filed the instant Complaint in this Court.[24] On February 26, 2016, the Court issued an Order to Show Cause with regard to Ms. Anthony-Pierre's untimely filing of her EEO formal complaint.[25] Ms. Anthony-Pierre provided a response stating that at the time of the deadline for filing her EEO complaint she was worried about her mother's back surgery.[26] Ms. Anthony-Pierre also stated that a close friend had passed away unexpectedly around that time.[27] Ms. Anthony-Pierre also stated:

> I was very ill and I called AAFES letting Miss Felecia Goolsby . . . know what my situation [was] because at that time I was severely distraught with grief. I was told by Miss Goolsby she would forward my situation to Miss Shirley A. Hudson [who] never respond[ed] to me. Miss Goolsby told me to send in my documents as soon as I can and I was never told if it was late that I could appeal my documents late arrival or I would've done so.[28]

The Court allowed the case to go forward.[29] Now before the Court is Defendant's motion for summary judgment.

## LEGAL STANDARD

### I. Jurisdiction

This Court has jurisdiction over this matter under 28 U.S.C. § 1331 because it is a civil action arising under federal law, 42 U.S.C. § 2000e *et seq.* and 29 U.S.C. § 791 *et*

---

[24] Docket 1 (Compl.).

[25] Docket 3 (Order to Show Cause).

[26] Docket 4 (Response to Order to Show Cause). Ms. Anthony-Pierre also provided a statement by her mother, indicating that she did have back surgery around that time. Docket 4-1 (Attachment) at 3–4.

[27] Docket 4 at 1.

[28] Docket 4-1 at 2.

[29] *See* Docket 5 (Order re Service and Response).

Case No. 3:16-cv-00023-SLG, *Anthony-Pierre v. Mattis*
Order re Motion for Summary Judgment
Page 5 of 11

*seq.* This Court also has jurisdiction pursuant to 42 U.S.C. § 2000e-5(f)(3), which specifically grants jurisdiction over Title VII claims to the district courts.

## II. Motion for Summary Judgment

Federal Rule of Civil Procedure 56(c) directs a court to grant summary judgment if the movant "show[s] that there is no genuine issue as to any material fact and that [the movant] is entitled to a judgment as a matter of law." When considering a motion for summary judgment, a court views the facts in the light most favorable to the non-moving party and draws "all justifiable inferences" in the non-moving party's favor.[30] To reach the level of a genuine dispute, the evidence must be such "that a reasonable jury could return a verdict for the non-moving party."[31] If the evidence provided by the non-moving party is "merely colorable" or "not significantly probative," summary judgment is appropriate.[32]

## DISCUSSION

Ms. Anthony-Pierre brings her claims of employment discrimination pursuant to Title VII of the Civil Rights of Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.*[33] Her Complaint alleges: (1) she was assigned to a

---

[30] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

[31] *Id.* at 248.

[32] *Id.* at 249–50.

[33] Docket 1 at 1; Docket 1-2 (Appeal) at 1. Ms. Anthony-Pierre's Complaint formally identifies only Title VII as the basis for her claim. Docket 1 at 1. However, Defendant identifies the Rehabilitation Act as the basis of her claim. Docket 34 at 2. Similarly, the EEO appeal decision identified the Rehabilitation Act as the statutory basis for her formal EEO complaint. Docket 34-25 at 1. The language of the Notice of Receipt of Discrimination Complaint issued to Ms. Anthony-Pierre recognizes the possibility of civil action under either Title VII or the Rehabilitation Act. Docket 22 (Notice of Receipt) at 10. Accordingly, the Court treats Ms. Anthony-Pierre's Complaint as alleging discrimination in violation of both statutes.

Case No. 3:16-cv-00023-SLG, *Anthony-Pierre v. Mattis*
Order re Motion for Summary Judgment
Page 6 of 11

different register in 2013;[34] (2) her supervisors did not file a workers' compensation claim on her behalf regarding her knee problems in August or September 2013; and (3) AAFES discriminated against her when it separated her from employment in December 2014 after she had been in LWOP status for over a year.

A federal employee seeking to pursue a court action against her employer pursuant to Title VII or the Rehabilitation Act must first exhaust her administrative remedies.[35] Federal regulations require that an employee "must consult a[n] [EEO] Counselor prior to filing a complaint in order to try to informally resolve the matter" and must do so "within 45 days of the date of the matter alleged to be discriminatory."[36]

Here, some of Ms. Anthony-Pierre's discrimination claims relate to actions that occurred in 2013, including the claim that she was transferred to a new position and the claim that her supervisors refused to submit a workers' compensation claim. Ms. Anthony-Pierre acknowledges her "failure to consult an EEO counselor within 45 days of" these alleged discriminatory actions in 2013.[37] Therefore, Ms. Anthony-Pierre's claims regarding any events that occurred in 2013 are untimely.[38]

---

[34] Ms. Anthony-Pierre alleges that management "did not follow [her] [d]octor's written instructions requiring that [she] be allowed to work in a sedentary position – instead they required [her] to change positions and put [her] in a position that require [her] to work in a non-sedentary position." Docket 1-1 at 2.

[35] *Green v. Brennan*, 136 S. Ct. 1769, 1775 (2016) (citing 42 U.S.C. § 2000e–16(c)).

[36] 29 C.F.R. §§ 1614.105(a), (a)(1).

[37] Docket 38 at 7.

[38] *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113–114 (2002) ("Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.' . . . [D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges.").

Case No. 3:16-cv-00023-SLG, *Anthony-Pierre v. Mattis*
Order re Motion for Summary Judgment
Page 7 of 11

In her opinion to the motion for summary judgment, Ms. Anthony-Pierre asks the Court to "use its discretion to excuse [this] technical failing[]."[39] A district court may apply the doctrine of equitable tolling when administrative deadlines are missed. But that doctrine requires a plaintiff to show: "(1) that [she] has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in h[er] way and prevented timely filing."[40] With her opposition, Ms. Anthony-Pierre filed an affidavit in which she avers, "I had no idea I needed to see the EEO counselor within 45 days of being discriminated or I would have done this back in 2013."[41] However, Ms. Anthony-Pierre acknowledged during her deposition testimony that she had received EEO training during her employment, which included instruction on how and when to file a formal complaint. She also acknowledged that she understood the procedure for filing a complaint.[42] Ms.

---

[39] Docket 38 at 2.

[40] *Menominee Indian Tribe of Wisconsin v. United States*, 136 S.Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631 (2010)).

[41] Docket 39 (Anthony-Pierre Affidavit) at 2, ¶ 9. Ms. Anthony-Pierre also "ask[s] that this Court use its discretion and excuse [her] technical flaws, so that justice can prevail in this case." Docket 39 at 3, ¶ 14.

[42] Docket 34-26 at 76–77 (Anthony-Pierre Deposition). During Ms. Anthony-Pierre's deposition, the following exchange occurred:

> **Sara T. Gray:** Do you remember completing an EEO rights and whistleblower protection training?
>
> **Ms. Anthony-Pierre:** Yes, ma'am.
>
> **Ms. Gray:** Okay. And in that training, you learned that if you felt like you had been discriminated against that you had a right to file a complaint, correct?
>
> **Ms. Anthony-Pierre:** Yes, ma'am.
>
> . . .
>
> **Ms. Gray:** And you learned how and when to contact an EEO counselor, correct?

Case No. 3:16-cv-00023-SLG, *Anthony-Pierre v. Mattis*
Order re Motion for Summary Judgment
Page 8 of 11

Anthony-Pierre's recent contradictory affidavit does not create a genuine issue of material fact.[43] Ms. Anthony-Pierre has not demonstrated the requisite extraordinary circumstances sufficient to allow the Court to excuse the lengthy delay in consulting an EEO counselor with respect to the 2013 claims. Moreover, Ms. Anthony-Pierre's assertion that she was unaware of the necessity of contacting an EEO Counselor within 45 days of the alleged discriminatory conduct, even if true, would not warrant equitable tolling.[44]

---

**Ms. Anthony-Pierre:** Yes, ma'am.

**Ms. Gray:** And that you had the right to mediation, correct?

**Ms. Anthony-Pierre:** Yes, ma'am.

**Ms. Gray:** And how and when to file a formal complaint?

**Ms. Anthony-Pierre:** Yes, ma'am.

. . .

**Ms. Gray:** And I don't need to know about the tests. I just wanted to make sure that you had the training.

**Ms. Anthony-Pierre:** Oh, yes, ma'am. Yes, ma'am.

**Ms. Gray:** And that you understood your right?

**Ms. Anthony-Pierre:** Yes, ma'am.

**Ms. Gray:** And that you understood the procedure?

**Ms. Anthony-Pierre:** Yes, ma'am.

[43] *See Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting [her] prior deposition testimony." (quoting *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991))).

[44] *See Carter v. Chang*, 2016 WL 5661873, at *2 (C.D. Cal. Sept. 28, 2016) ("[A]s a general matter, neither the lack of legal sophistication, . . . nor ignorance of the law, constitutes an 'extraordinary circumstance' entitling petitioner to any equitable tolling of the limitation period." (citing *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006))).

Case No. 3:16-cv-00023-SLG, *Anthony-Pierre v. Mattis*
Order re Motion for Summary Judgment
Page 9 of 11

Ms. Anthony-Pierre timely consulted with an EEO counselor with respect to the December 2014 separation claims. But as to those claims, 29 C.F.R. § 1614.106(b) provides that a formal "complaint must be filed within 15 days" of when a plaintiff is notified of her right to file a discrimination complaint. Ms. Anthony received a Notice of Right to File a Discrimination Complaint from AAFES on March 31, 2015.[45] Ms. Anthony-Pierre thus had until April 15, 2015 to file her formal complaint with respect to the December 2014 separation claims; she did not do so until May 5, 2015.[46] Therefore, her EEO complaint regarding the December 2014 administrative separation was untimely.

Ms. Anthony-Pierre asks the Court to excuse the delayed filing of the EEO complaint. But as with the delay in consulting the EEO counselor regarding the 2013 claims, Ms. Anthony-Pierre has not demonstrated "that some extraordinary circumstance stood in h[er] way and prevented timely filing" with respect to the December 2014 claims.[47] Ms. Anthony-Pierre's recent affidavit states, "I was prevented from filing the complaint because of concern for my Mother, who had surgery on March 31, 2015 and because on April 12, 2015, a close family friend fell off a cliff and died."[48] While the surgery of a close relative can be quite stressful and the death of a friend is indeed tragic, neither of these events, either singly or in combination, are the type of extraordinary circumstances that could warrant equitable tolling.[49]

---

[45] Docket 34-19; Docket 34-20.

[46] Docket 1–2 at 1.

[47] *Menominee Indian Tribe of Wisconsin,* 136 S.Ct. at 755.

[48] Docket 39 at 3 ¶12.

[49] *See, e.g., Barbett v. Logistics Application, Inc.*, 845 F.Supp. 2d 164, 167–68 (D.D.C. 2012) (holding that plaintiff's claim of mental anguish related to mother's death "is not enough for

Case No. 3:16-cv-00023-SLG, *Anthony-Pierre v. Mattis*
Order re Motion for Summary Judgment
Page 10 of 11

## CONCLUSION

In light of the foregoing, Defendant's Motion for Summary Judgment at Docket 34 is GRANTED. The Clerk of Court is directed to enter a final judgment accordingly.

DATED this day of 15th June, 2018.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

equitable tolling to apply"); *Miles v. Potter*, 2007 WL 1890685, at *6 (E.D. La. June 28, 2007) (holding death in the family did not warrant equitable tolling); *Brundin v. United States*, 1996 WL 22370, at *5 (S.D.N.Y. Jan. 19, 1996) (holding death of plaintiff's father does not alone warrant equitable tolling).

Defendant also asserts in the motion that Ms. Anthony-Pierre would be unable to state a claim on the merits under the applicable *McDonnell Douglas* test. Docket 34 at 17–21 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Defendant states that Ms. Anthony-Pierre fails to establish a *prima facie* claim because her "case fails on the fourth element of the claim— whether similarly situated individuals outside her protected class were treated more favorably or there are other circumstances surrounding the termination action that give rise to an inference of discrimination." Docket 34 at 19. Defendant further asserts that even if Ms. Anthony-Pierre could establish a *prima facie* case, her claim would ultimately fail because AAFES had a legitimate, non-discriminatory reason to separate Ms. Anthony-Pierre from employment, which Ms. Anthony-Pierre cannot show was pretextual. Docket 34 at 20. Ms. Anthony-Pierre does not address this issue in her response. Nevertheless, because of the aforementioned untimeliness of Ms. Anthony-Pierre's claims, the Court need not reach the merits of the case.

Case No. 3:16-cv-00023-SLG, *Anthony-Pierre v. Mattis*
Order re Motion for Summary Judgment
Page 11 of 11